Chief Justice Robertson,
delivered the opinion of the court.
As the decree in this case must be reversed for want of proper parties, no opinion will be intimated on the merits.
W'hero the judgment in-joined, and the claim soughtto be set-off against it, grew out of the same transaction, chancellor has jurisdiction to set-off so muchofthe judgment as will satisfy the claim.
Error, to dismiss a bill absolutely, for want of proper Parties. n such case, dismissal should be “without prejudice .”
Owsley, for plaintiff; Anderson, for defendants..
As the judgment injoined and the claim sought to be set off against if, grew out of the same transaction, and more especially, as that was a partnership concern, the chancellor has jurisdiction to • decree set off and general relief, if the plaintiff in error satisfactorily establish the justice of his claim on the representatives of Forbis.
But before any decree could be rendered in favor of the plaintiff on his partnership account, all the partners are indispensable parties. Day and McCai'low, have not been made parties.
If the plaintiff desire either a rescisión of his conveyance, or further assurance, the heirs of Forbis are necessary parties. They are not all parties. The record does not show that all the infant heirs were regularly represented by guardians ad litem.
As it was the duty of the plaintiff’ to make all the proper parties, the circuit court might have dismissed the bill without prejudice. But, as for want of parties, there could be no decree on the merits, it was erroneous to dismiss the bill absolutely, and thereby, conclude the rights of the parties, litigant.
For this errror, the decree of the circuit court is reversed and the cause remanded, with instructions either to dismiss the bill without prejudice, and dissolve the injunction with damages, or to allow the plaintiff, in the sound discretion of the court, further, and reasonable time to make all necessary parties.